UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KINGLSEY ANYANWUTAKU,

    Plaintiff,

  v.

AMERICAN FEDERAL SAVINGS BANK,
*et al.*,

    Defendants.

Civil Action No. 99–3055 (CKK/JMF)

**MEMORANDUM OPINION**
(May 8, 2006)

Presently before the Court is Plaintiff Kingsley Anyanwutaku's [167] Motion to Vacate Judgment (hereinafter, "Second Motion to Vacate"), filed on September 16, 2005 by Plaintiff himself (despite the fact that Plaintiff is represented by counsel in this matter). Plaintiff moves the Court, pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6), to vacate its [150] Order dated June 22, 2004. The Court's [150] Order and accompanying [151] Memorandum Opinion dismissed Plaintiff's case in its entirety with respect to Defendants Janie Capretti, Market Share Properties, Inc., and Market Share Holdings; the Court's [150] Order also dismissed all claims against Defendant American Federal Savings Bank (hereinafter "American Federal") except for a wrongful foreclosure claim. Plaintiff also presently moves to vacate the Court's minute Order dated July 8, 2004, which approved the Parties' stipulation of dismissal with prejudice with respect to the wrongful foreclosure claim against American Federal. Defendants collectively filed an [168] Opposition to Plaintiff's Second Motion to Vacate, asking the Court to strike Plaintiff's Second Motion to Vacate for lack of jurisdiction, since this case is presently on appeal before the U.S. Court of Appeals for the District of Columbia Circuit.

Plaintiff filed a [169] Reply.  Based on the aforementioned filings, prior filings and orders in the instant case, and the relevant statutes and case law, the Court shall DENY Plaintiff's Second [167] Motion to Vacate.

The Court notes at the outset that Plaintiff previously filed a [155] Motion to Vacate Judgment on August 24, 2004 (hereinafter, "First Motion to Vacate"), requesting relief from the exact same orders and raising the exact same arguments that Plaintiff now raises again in his Second Motion to Vacate.  The Court denied Plaintiff's First Motion to Vacate via an [162] Order and accompanying [163] Memorandum Opinion filed on October 6, 2004, demonstrating why Plaintiff's First Motion to Vacate was inappropriate pursuant to both Rule 60(b)(1) and 60(b)(6).

Despite Defendants' assertions to the contrary, the Court does presently have jurisdiction to consider Plaintiff's Second Motion to Vacate, despite the fact that the instant case–and specifically Plaintiff's First Motion to Vacate–is presently on appeal before the appellate court.  In the instant Circuit, while a district court does not have jurisdiction to grant relief while a case is pending on appeal, a district court may consider a motion for such relief and *deny* such relief without a remand from the appellate court.  *See Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) ("[W]hen both a Rule 60(b) motion and an appeal are pending simultaneously, appellate review may continue uninterrupted.  At the same time, the District Court may consider the 60(b) motion and, if the District Court indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted."); *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 280 n.22 (D.C. Cir. 1971) ("This court has adopted the rule that the motion to provide relief may be considered by the district court while the appeal is pending; if that court

indicates that it will grant relief the appellant should move in the appellate court for a remand in order that relief may be granted."); *Piper v. United States Department of Justice*, 374 F. Supp. 2d 73, 77 (D.D.C. 2005) ("[W]hen, as in this case, the order or judgment from which a party seeks relief is also the subject of a pending appeal . . . the district court may outright deny, but cannot outright grant, a Rule 60(b) motion."). Thus, the instant Court properly has jurisdiction to consider and deny Plaintiff's Second Motion to Vacate.

The Court notes that Plaintiff's Second Motion to Vacate contains the exact same claims presented pursuant to the exact same standard (under Rule 60(b)) as Plaintiff's First Motion to Vacate, which was rejected by this Court. To clarify, in Plaintiff's First Motion to Vacate, Plaintiff argues pursuant to Rule 60(b)(1) and 60(b)(6) that his counsel was grossly negligent, that Plaintiff had been out of the country to attend funeral arrangements, and that Plaintiff properly stated fraud and misrepresentation, wrongful foreclosure, and breach of contract claims in his complaint. Likewise, in Plaintiff's Second Motion, Plaintiff again argues pursuant to Rule 60(b)(1) and 60(b)(6) (though less thoroughly) that his counsel was grossly negligent,[1] that Plaintiff had been out of the country to attend funeral arrangements, and that there is allegedly support for claims brought in Plaintiff's complaint. The Court will reject Plaintiff's attempted second bite at the apple, relying on the reasons articulated in its [162] Order and [163] Memorandum Opinion (which is presently on appeal) with respect to Plaintiff's First Motion to Vacate pursuant to Rule 60(b) in rejecting Plaintiff's substantively identical present request for relief.

---

[1] While Plaintiff claims in his Second Motion to Vacate that his counsel's gross negligence is further defined by his "misleading" and "deception," the Court cannot find any evidentiary support for Plaintiff's blanket accusations in this regard. The Court further notes that Plaintiff still has the same retained counsel in this case.

Additionally, the Court notes that Plaintiff's Second Motion to Vacate was filed on September 16, 2005–more than one year after the entry of both the June 22, 2004, and July 8, 2004 Orders that Plaintiff seeks to vacate. The Court also finds that in addition to the reasons stated in the Court's initial [163] Memorandum Opinion rejecting Plaintiff's claim for relief, this Second Motion to Vacate is untimely. Under the terms of Rule 60(b), Plaintiff's Motion to Vacate was not timely filed. *See* Fed. R. Civ. P. 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). *See also U.S. ex rel. Cyr v. AWL, Inc.*, 159 F.3d 637 (Table) (D.C. Cir. 1998) ("Rule 60(b)(1) motions are timely if filed within a reasonable time not to exceed one year . . . ."); *Baltia Airlines, Inc. v. Transaction Management, Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996).

For the aforementioned reasons, this Court shall DENY Plaintiff's Second [167] Motion to Vacate Judgment. An Order accompanies this Memorandum Opinion.

Date: May 8, 2006

                                                              /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge